**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **ANDRA CRISTINA NECSULESCU** | **CASE NO. 6:26-CV-03719 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **BRIAN ACUNA ET AL** | **MAGISTRATE JUDGE GALE** |

# ORDER

Presently before the Court is the Emergency Motion Temporary Restraining Order [ECF No. 2] filed by Petitioner. The purpose of a temporary restraining order "is to preserve the status quo and prevent irreparable injury until the court renders a decision on the merits."[1] To warrant such relief, the movant must demonstrate: "(1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest."[2] "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion."[3] Further, preliminary injunctions should "not conclusively resolve legal disputes," and thus they should not be used as a vehicle for granting ultimate relief.[4] Having considered the pleading in the case as well as the arguments of counsel on the status conference held on September 23, 2026, the

---

[1] *Sambrano v. United Airlines, Inc*., 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022) (citing *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)); *see also Saechao v. Noem*, 3:26-CV-0624, 2026 WL 602783, at *1 (N.D. Tex. Mar. 4, 2026)
[2] *Misquitta v. Warden Pine Prairie ICE Processing Ctr*., 353 F.Supp.3d 518, 521 (W.D. La. 2018) (citing *Piedmont Heights Civic Club, Inc. v. Moreland*, 637 F.2d 430, 435 (5th Cir. 1981)).
[3] *Canal Auth.*, 489 F.2d at 573.
[4] *Lackey v. Stinnie*, 604 U.S. 192, 200 (2025); *see also Saechao* at *1; *Pema Sherpa v. Judith Almodovar, et al.*, No. 3:25-CV-1718, 2026 WL 74401, *2 (W.D. La. Jan. 9, 2026); *Singh v. Acting Field Officer Director*, No. 3:26-CV-388, 2026 WL 478634, at *1 (W.D. Tex. Feb. 11, 2026); *Torbino Vinces v. Mullin*, No. 3:26-cv-1392, 2026 WL 1196633, *1 (N.D. Tex. May 1, 2026).

Court finds that the Petitioner has not demonstrated a substantial likelihood of success on the merits. Accordingly,

IT IS ORDERED THAT the Emergency Motion Temporary Restraining Order [ECF No. 2] is DENIED.

THUS DONE in Chambers on this 24th day of September, 2026.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE